**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CIVIL ACTION NO. 08-86-JBC**

**RONALD PEMBERTON,** **PLAINTIFF,**

**V.** **MEMORANDUM OPINION AND ORDER**

**RELIANCE STANDARD LIFE
INSURANCE COMPANY,** **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the plaintiff's motion for limited discovery. DE 5.  The court, having reviewed the record and being otherwise sufficiently advised, will grant the motion.

This dispute arises from the termination of benefits under a long-term disability ("LTD") insurance policy.  According to the complaint, nearly four years after beginning to pay LTD benefits on November 22, 2003, the defendant informed the plaintiff of its decision to terminate his benefits on June 18, 2007. Also according to the complaint, the defendant affirmed its decision after an internal appeal on November 1, 2007.  The plaintiff filed suit in Boyle Circuit Court on January, 15, 2007, asserting that he is permanently disabled under the terms of the policy and that the defendant (1) terminated his benefits in bad faith and without just cause; (2) exhibited a reckless disregard of the rights of the plaintiff, in violation of KRS 304.12-230; and (3) breached its fiduciary duty.  Consequently,

1

the plaintiff seeks attorney's fees, interest, punitive damages, and damages for emotional pain and suffering. The plaintiff also asserts that the policy in question does not meet the qualifications of a plan under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"), because it falls under the ERISA safe harbor outlined in Department of Labor regulations. *See* 29 C.F.R. § 2510.3-1(j). In the alternative, the plaintiff also pleads that, if the policy is an ERISA plan, the defendant's termination decision was arbitrary and capricious, against the overwhelming evidence provided the defendant, and constituted a breach of fiduciary duty, entitling him to contractual benefits and interest. The defendant removed the action to this court on February 18, 2008.

The plaintiff seeks limited discovery, including depositions of personnel at his employer, Edward C. Levy Company, to determine whether the ERISA safe harbor applies. The plaintiff asserts that the applicability of the safe harbor is in question and, therefore, that information obtained from limited discovery could assist the court in deciding the defendant's motion to dismiss and any motion to remand which the plaintiff may file.

A district court undertakes a three-step factual inquiry to determine whether a policy qualifies as an ERISA plan: first, the court determines whether the safe harbor regulations are satisfied so as to exempt the policy from ERISA; second, the court determines whether a "plan" exists by inquiring whether "a reasonable person [could] ascertain the intended benefits, the class of beneficiaries, the source of

financing, and procedures for receiving benefits" from "the surrounding circumstances"; third, "the court must ask whether the employer 'established or maintained' the plan with the intent of providing benefits to its employees." *Thompson v. American Home Assurance Co.*, 95 F.3d 429, 434-35 (1996) (citations and some internal quotation marks omitted). The plaintiff's request for limited discovery focuses on the applicability of the safe-harbor regulations, an issue that can justify limited discovery. *See, e.g.*, *Mullins v. Pfrizer, Inc.*, 23 F.3d 663, 666 (2d Cir. 1994) (instructing that "[o]n remand, the district court should allow further discovery to enable the parties to augment the record regarding [whether ERISA applies to a Voluntary Severance Option offered by the defendant]"); *B-T Dissolution, Inc. v. Provident Life and Accident Ins. Co.*, 101 F. Supp. 2d 930, 948 n.27 (S.D. Ohio 2000) (noting that the court had "allowed limited discovery on the issue of whether the Plaintiffs' policies were part of an ERISA plan"); *Stone v. Disability Management Servs., Inc.*, 288 F. Supp. 2d 684, 687 (M.D. Pa. 2003) (noting that the court permitted "discovery limited to settling the issue of whether ERISA governs the instant dispute or not").

Under the ERISA safe-harbor regulations, a "group or group-type insurance program[]" does not qualify as an "employee welfare benefit plan" or a "welfare plan" under ERISA if a four-prong conjunctive test is met:

> (1) the employer makes no contribution to the policy; (2) employee participation in the policy is completely voluntary; (3) the employer's sole functions are, without endorsing the policy to employees, to permit the insurer to publicize the policy to employees, collect

> premiums through payroll deductions and remit them to the insurer; and (4) the employer receives no consideration in connection with the policy other than reasonable compensation for administrative services actually rendered in connection with payroll deduction.

*Thompson*, 95 F.3d at 435 (citing 29 C.F.R. § 2510.3-1(j)). In opposing limited discovery, the defendant first argues that such discovery would be futile because prong one of the safe-harbor test clearly is not met. Citing two cases from other jurisdictions, *Gaylor v. John Hancock Mutual Life Ins. Co.*, 112 F.3d 460 (10th Cir. 1997), *Postma v. Paul Revere Life Ins. Co.*, 223 F.3d 533 (7th Cir. 2000), the defendant argues that the LTD policy at issue, for which the plaintiff paid the premiums, was but one component of a broader benefits package and that the court may not look at one component in isolation from the others for purposes of determining whether the ERISA safe harbor applies.

In addition to being persuasive and not mandatory authority, *Gaylor* involved employees who were entitled to choose whether to participate at all and, if they elected to participate, the employer paid the entire cost of the premiums for life and accidental death and dismemberment policies and, regarding the policy at issue in the case, "for certain employees, [it] also contribute[d] part of the premiums for its employees' disability insurance." *Gaylor*, 112 F.3d at 462. Similarly, in *Postma*, the Seventh Circuit, citing *Gaylor*, found that a district court's finding that an ERISA plan existed was not clearly erroneous and noted that "[f]or purposes of determining whether a benefit plan is subject to ERISA, its various aspects ought not be unbundled." *Postma*, 223 F.3d at 538. In *Postma*, however, the Seventh

Circuit also noted that the employer "did pay its employees' premiums while Ms. Postma was still an employee" and "began these payments before she made her claim for benefits." *Id.* Because the defendant cannot cite any mandatory authority for its proposition that an employer's paying for other policies mandates a finding that the employer has made a contribution to a policy whose premiums the plaintiff paid, the court will decline, for purposes of the present motion, to conclude that prong one of the ERISA safe harbor cannot be satisfied by the plaintiff.

The defendant also argues that prong three of the safe-harbor test is not met because the employer endorsed the policy by filing IRS Form 5500. The court undertakes the endorsement inquiry by examining "the employer's involvement in the creation or administration of the policy from the employees' point of view," *Thompson*, 95 F.3d at 436-37 (citing *Johnson v. Watts Regulator Co., Inc.*, 63 F.3d 1129, 1134, 1137 n.6 (1st Cir. 1995)), and other courts have found that the filing of this form is not determinative or even relevant. *See, e.g.*, *Johnson*, 63 F.3d at 1137 n.5 ("[T]here is no evidence to suggest that Watts' employees knew of this protective filing, and it is surpassingly difficult for us to fathom how the filing makes a dispositive difference . . . it is entirely possible, as the plaintiff suggests, that the form was filed merely as a precaution."); *Ackerman v. Fortis Benefits Ins. Co.*, 254 F. Supp. 2d 792, 811 n.14 (S.D. Ohio 2003) ("[I]t matters not whether USAir filed the IRS Form 5500s submitted to it by Fortis (Tr. at 216-217); such relates to its intent, not to how its participation with the plan was

5

perceived by its employees."). Therefore, the court will not base a finding of endorsement on the filing of IRS Form 5500.

Finally, the defendant argues that the employer endorsed the policy by carrying out certain administrative tasks beyond collecting premiums and remitting them to the insurer and by identifying itself as the plan sponsor and therefore, according to the defendant, as the plan administrator. Performing administrative tasks, however, may not violate employer neutrality where the tasks are mere "'ministerial tasks that assist the insurer in publicizing the program.'" *Thompson*, 95 F.3d at 436 (quoting *Johnson*, 63 F.3d at 1133). Moreover, a self-identification by the defendant as the plan sponsor does not necessarily establish endorsement: "where the employer is named as the plan administrator, a finding of endorsement *may* be appropriate." *Id.* (emphasis added) (citations omitted). Therefore, the court also will not base a finding of endorsement on the defendant's self-identification as the plan sponsor, although it may consider it as a factor at a later stage of this litigation. *See Booth v. Life Ins. Co. of North America*, 2006 U.S. Dist. LEXIS 82856, at *6-7 (W.D. Ky. 2006) (listing five factors to consider in assessing whether an employer behaved neutrally toward a plan) (citing *Thompson*, 95 F.3d at 437).

Because the court is not inclined to find that the record at this point clearly establishes that any prong of the ERISA safe-harbor test is not met and the court further finds that limited discovery could shed light on the applicability of the safe

harbor, the court will grant the plaintiff's request.  Accordingly,

**IT IS ORDERED** that the plaintiff's motion, DE 5, is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall complete limited discovery within thirty (30) days of the entry of this order.

**IT IS FURTHER ORDERED** that the parties shall supplement their memoranda regarding the pending motion to dismiss not later than fifteen (15) days after the expiration of the time for limited discovery.  Reply memoranda, if desired, may be filed not later than eleven (11) days later.  The motion to dismiss, DE 4, shall then stand submitted for decision.

Signed on  June 17, 2008

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCY