UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 08-86-JBC

RONALD PEMBERTON,                                                                    PLAINTIFF,

V.                         MEMORANDUM OPINION AND ORDER

RELIANCE STANDARD LIFE
INSURANCE COMPANY,                                                                   DEFENDANT.

* * * * * * * * * *

This matter is before the court on the plaintiff's motion for discovery (R. 33). The court, having reviewed the record and being otherwise sufficiently advised, will grant the motion in part and deny it in part.

I.    Background

This dispute arises from the termination of benefits under a long-term disability ("LTD") insurance policy. Nearly four years after beginning to pay LTD benefits on November 22, 2003, the defendant informed the plaintiff of its decision to terminate his benefits on June 18, 2007. The defendant later affirmed its decision on November 1, 2007, after an internal appeal. The plaintiff filed suit in Boyle Circuit Court on January 15, 2007, asserting violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA") and Kentucky state law. The defendant removed the action to this court on February 18, 2008.

On February 20, 2008, the defendant moved the court to dismiss the

plaintiff's state-law claims, arguing that they were pre-empted by ERISA. R. 4. In addition to his opposition to the motion to dismiss, the plaintiff also moved the court to remand this action to Boyle Circuit Court. R. 24. The court, finding that the LTD policy was governed by ERISA, dismissed the plaintiff's state-law claims as pre-empted and denied the motion to remand. R. 28.

The plaintiff seeks discovery to determine whether the defendant's denial of his claim was based on bias and conflict of interest. The plaintiff asserts that he is merely seeking discovery concerning an alleged bias and lack of due process by the defendant and is not attempting to discover additional evidence of disability that is not included in the administrative record.

**II.     Discovery Request**

Generally, a district court bases its review of the denial of benefits solely upon the administrative record. *Wilkins v. Baptist Healthcare System, Inc.,* 150 F.3d 609, 619 (6th Cir. 1998). This limited review serves ERISA's purpose of providing "a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously." *Perry v. Simplicity Eng'g,* 900 F.2d 963, 967 (6th Cir. 1990). Considering evidence not presented to the administrator would impair the achievement of that goal. *Id.* Nevertheless, a court may consider evidence outside the administrative record if that evidence "is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part," but discovery

should be limited to such procedural challenges. *Wilkins,* 150 F.3d at 619. Although courts differ as to what showing is required to justify discovery under this limited exception, it is clear that "a mere allegation of bias is insufficient to 'throw open the doors of discovery' in an ERISA case." *Likas v. Life Ins. Co. of North America,* 222 F. App'x 481, 486 (6th Cir. 2007); *see also Moore v. LaFayette Life Ins. Co.,* 458 F.3d 416, 431 (6th Cir. 2006) ("[U]ntil a due process violation is at least colorably established, additional discovery beyond the administrative record into a plaintiff's denial of benefits claim is impermissible.").

The plaintiff has provided more than "a mere allegation of bias" by showing that a conflict of interest is present. A conflict of interest exists when the entity that administers an ERISA plan, such as an employer or insurance company, (1) determines whether an employee is eligible for benefits under the plan and (2) pays those benefits out of its own funds. *Metropolitan Life Insurance Co. v. Glenn*, 128 S.Ct. 2343, 2346 (2008). Furthermore, "a reviewing court should consider that conflict as a factor in determining whether the plan administrator has abused its discretion in denying benefits; and . . . the significance of the factor will depend upon the circumstances of the particular case." *Id.* Because the defendant's conflict of interest is a factor that the court must consider when deciding whether the defendant abused its discretion in denying the plaintiff's claim and because the significance of that factor depends on the particular circumstances in the case, limited discovery regarding the conflict of interest is appropriate.

While its effects upon ERISA discovery are not yet fully clear, *Glenn* does not alter a court's analysis for inherent conflicts of interest in ERISA cases. *Roumeliote v. Long Term Disability Plan for Employees of Worthington Industries*, 292 Fed. Appx. 472 (6th Cir. 2008) (unpublished). Under *Glenn*, the presence of the conflict of interest, on its own, is apparently sufficient to permit a court to allow discovery beyond the administrative record. Likewise, pointing out that conflict of interest would meet the Sixth Circuit's requirement of showing more than a "mere allegation of bias." Because, as a matter of law, a conflict of interest exists, the plaintiff has presented more than such an allegation.

While the defendant correctly states that *Glenn* does not mention discovery, it incorrectly contends that *Glenn* does not have an impact on the rules of discovery in ERISA matters. Even though the Supreme Court did not expressly alter the rules for discovery in an ERISA conflict-of-interest case, they effectively did so by recognizing the inherent conflict and requiring courts to consider it as a factor when deciding whether the plan administrator abused its discretion. Without discovery, plaintiffs would be severely hindered in their ability to obtain evidence to show the significance of the conflict of interest. Therefore, it is logical to assume that the Supreme Court meant for lower courts to allow some discovery beyond the administrative record when a conflict of interest is present.

The defendant argues that no additional discovery is needed because, after *Glenn*, there is no question that a conflict of interest exists. The court disagrees.

While there is no doubt that a conflict of interest is present, the degree and significance of that conflict has not been determined. The plaintiff has a right to limited discovery so that he may obtain information that will enable the court to evaluate whether the conflict of interest resulted in an abuse of discretion.

While the plaintiff has a right to obtain discovery regarding the defendant's conflict of interest, the scope of that discovery must be limited to the conflict of interest and any allegations of bias. While the court declines to rule on the appropriateness of each individual interrogatory or request for production of documents, it will provide some guidance on what type of information is discoverable.

*Glenn* noted that the conflict of interest will be more significant under certain circumstances that suggest it affected the benefits decision, such as when the administrator has a history of making biased decisions. *Id.* at 2351. Also, *Glenn* recognized that other acts by conflicted plan administrators may prove the conflict of interest to be less important in determining whether the plan administrator abused its discretion. *Id.* at 2351. Thus, discovery that might lead to information regarding the extent of Reliance Standard's conflict of interest is proper. This may include statistical information about the outcome of claims submitted to reviewers and any "active steps" taken by Reliance Standard to "reduce potential bias and to promote accuracy," such as "walling off claim administrators from those interested in firm finances." *Id.* at 2351.

The plaintiff seeks to discover information on a potential conflict of interest

5

involving the individuals and entities that reviewed the plaintiff's claim ("reviewers"). Pemberton believes discovery may reveal that the denial of his claim for benefits was based on a financial incentive by the defendant or bias by the reviewers, rendering Reliance Standard's decision arbitrary and capricious. If they were indeed biased, limiting the claim to "on the record" review would violate due process. *Kulkarni v. Metropolitan Life Ins. Co.,* 187 F.Supp.2d 724, 728 (W.D.Ky. 2001) (allowing discovery for plaintiff to develop record concerning breach of fiduciary duty where defendant waited one month before sending enrollment forms). If Reliance Standard "relied on the third-party reviewers whose opinions or reports may have been unduly influenced by financial incentives, the Court would benefit from information revealing the compensation arrangements in place," so the court will allow limited discovery to explore the relationship between Reliance Standard and any reviewer who was involved in the plaintiff's claim. *Crider v. Life Ins. Co. of North America,* 2008 WL 239659, *6 (W.D.Ky. 2008). However, based on the plaintiff's requests and ERISA's goal of providing an inexpensive and expeditious review of claims, the court will limit discovery regarding actions by the reviewers to claims filed over the span of ten years. Thus, the court will permit discovery with respect to the contractual connections between Reliance Standard and the reviewers, financial payments paid annually to the reviewers from Reliance Standard, and the statistical data about the number of claims filed sent to the reviewers and the number of denials which result. The court also will allow discovery for the statistical data concerning the number of times the reviewers

found claimants able to work in at least a sedentary occupation or found that the claimants were not disabled.  Nevertheless, the court will not require the defendant to respond to requests involving performance reviews and personnel files for reviewers who are its employees.  The court finds that those requests are unduly burdensome and their intrusiveness outweighs any likely benefit.  *See Myers v. Prudential Insurance Company of America*, 581 F.Supp.2d 904, 914 (E.D. Tenn. 2008).

The defendants argue that it would be unduly burdensome for it to collect the requested statistical data.  While "[a] primary goal of ERISA was to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously," *Perry v. Simplicity Eng'g*, 900 F.2d 963, 967 (6th Cir. 1990), "ERISA was [also] enacted to promote the interests of employees and their beneficiaries in employment benefit plans and to protect their contractually defined benefits," *Firestone Tire and Rubber Co. v. Bruch*, 109 S.Ct. 948, 956 (1989) (internal quotations omitted).  Thus, the court must balance the two competing purposes of ERISA.  In the instant case, the plaintiff's request for the statistical data has been sufficiently narrowed to include only those reviewers who were involved in the plaintiff's claim.  Moreover, the request is even less burdensome because it is limited to the last ten years, and many reviewers have been employed by the defendant for even less time.  *See* R. 34, at 4.  Therefore, the request for statistical data is not unduly burdensome.

In regard to the plaintiff's requests involving the background of the

reviewers, the court finds the plaintiff seeks information beyond inquiring into an alleged bias or conflict of interest.  Furthermore, the plaintiff has failed to point to any specific report or reviewer that exhibits bias.  Because of this, the court is not convinced that he is entitled to such extensive discovery.  For instance, the plaintiff seeks to discover information about whether (1) any criminal charge, civil lawsuit, or disciplinary action has been filed against any reviewer; (2) any reviewer has failed to become board-certified in a medical specialty; and (3) any reviewer has examined patients for treatment purposes in the past five years.  The plaintiff also requests the curriculum vitae or resume of each reviewer.  As previously mentioned, the scope of discovery is limited to the conflict of interest and alleged bias.  Because information regarding the training and qualifications of the reviewers is unlikely to lead to evidence concerning either the conflict of interest or bias, the plaintiff is not entitled to discovery on these issues.  *See Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan,* 195 F.3d 975 (7th Cir. 1999) (stating there should not be any inquiry into the training of those who considered the claimant's claim as deferential review of an administrative decision means review on the administrative record).

   The plaintiff is entitled to discovery within the parameters established by this opinion.  The permitted scope of discovery will enable the plaintiff to obtain enough information to evaluate the extent of the conflict of interest without being unduly burdensome on the defendant.

8

### III. Conclusion

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for discovery, R. 33, is **GRANTED IN PART**, limited to information pertaining to the defendant's conflict of interest and alleged bias as described by the court above, and **DENIED IN PART** as to the remainder of the discovery requests.

**IT IS FURTHER ORDERED** that the scheduling order, R. 36, is **SET ASIDE** and the parties shall file a written proposal for discovery and filing deadlines no later than twenty (20) days after the date of entry of this order.



Signed on  January 13, 2009

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

9