UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 08-86-JBC

RONALD PEMBERTON, PLAINTIFF,

V. MEMORANDUM OPINION AND ORDER

RELIANCE STANDARD LIFE
INSURANCE COMPANY, DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on motion of the plaintiff, Ronald Pemberton, for attorneys' fees. R. 48. For the reasons below, the court will deny the motion without prejudice.

This matter stems from the termination of benefits under a long-term disability ("LTD") insurance policy. On January 5, 2010, this court denied the parties' cross motions for summary judgment and remanded this matter to Reliance for further consideration. R. 46. Specifically, the court found that Reliance failed to adequately consider Pemberton's award of Social Security benefits; that Reliance based its denial on an employability analysis that failed to consider relevant medical information; and that these deficiencies enhanced the significance of the defendant's inherent conflict of interest as the entity that both determines eligibility for benefits and pays benefits from its own funds. *Id.* On February 4, 2010, Pemberton moved for attorney's' fees and costs pursuant to 29 U.S.C. § 1132(g).

1

R. 48. The parties' briefs addressed whether the statute imposed a "prevailing party" requirement and whether Pemberton had satisfied the five-factor test for determining whether attorney's fees and costs should be awarded.

In the course of briefing this matter, both parties acknowledged that the Supreme Court would soon rule in *Hardt v. Reliance Standard Life Insurance Company*. On May 24, 2010, the Supreme Court held that a claimant seeking an attorney's fees award need not be a "prevailing party" to be eligible for an award under § 1132(g)(1). *Hardt v. Reliance Standard Life Insur. Co.*, No. 09-448, 2010 U.S. LEXIS 4164, at *6 (May 24, 2010). Rather, a court may award fees and costs under this provision if a fee claimant has achieved "some degree of success on the merits." *Id.* (citing *Ruckelshaus v. Sierra Club*, 436 U.S. 680, 694 (1983)). The Court noted that the five-factor test is not required under the text of the statute or fee-shifting jurisprudence. *Id.* at 23. The Court did not foreclose the possibility that once a claimant has shown some degree of success on the merits, and is therefore eligible for fees under § 1132(g)(1), a court could apply the five-factor test in deciding whether to award attorney's fees. *Hardt,* 2010 U.S. LEXIS 4164, at *24 n.8.

The Court explained that its holding in *Ruckelshaus* "lays down the proper markers to guide a court in exercising the discretion that § 1132(g)(1) grants." Given these new standards, this court will deny the pending motion without prejudice to a renewed motion based on *Hardt.*

2

Accordingly,

**IT IS ORDERED** that the motion for attorney's fees, R. 48, is **DENIED WITHOUT PREJUDICE.**

Signed on  June 29, 2010

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY