# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

CIVIL ACTION NO. 08-86-JBC

RONALD PEMBERTON,                                                                       PLAINTIFF,

V.                  **MEMORANDUM OPINION AND ORDER**

RELIANCE STANDARD LIFE
INSURANCE COMPANY,                                          DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on cross-motions for summary judgment regarding Reliance Standard Life Insurance Company's decision to offset Ronald Pemberton's long-term disability benefits (R. 59, 61). Reliance Standard (the "Plan") reduced Pemberton's long-term disability benefits to account for early retirement benefits that Pemberton received from his former employer. In applying the offset, Reliance Standard rendered a reasonable interpretation of unambiguous policy language. The court, therefore, will grant Reliance Standard's motion and deny Pemberton's motion.

I. BACKGROUND

Pemberton commenced this action in 2008 when he appealed Reliance Standard's denial of long-term disability benefits. On January 5, 2010, the court issued an opinion in which it cited several reasons that Reliance Standard acted arbitrarily and capriciously in considering Pemberton's claim. The court remanded the case to Reliance Standard to reconsider the claim. On remand, Reliance

Standard reversed its denial and awarded Pemberton benefits. But Reliance Standard offset the award to account for early retirement benefits that Pemberton received from his former employer. The parties contest the propriety of that offset in their cross-motions for summary judgment.

## II. DISCUSSION

The insurance policy defines Pemberton's benefit as seventy percent of his total earnings minus "Other Income Benefits." R. 65 at 199. The policy defines Other Income Benefits as benefits "resulting from the same Total Disability for which a Monthly Benefit is payable under this Policy." *Id.* One type of Other Income Benefit is "that part of disability or Retirement Benefits paid for by [the employer] that an Insured is eligible to receive under a group retirement plan." *Id.* The parties dispute whether Pemberton's early retirement benefits resulted from his total disability.

Reliance Standard did not act arbitrarily and capriciously when it concluded that Pemberton's early retirement benefits resulted from his total disability. Because the insurance policy confers discretion on Reliance Standard to interpret the terms of the plan, the court reviews Reliance Standard's decision under the arbitrary-and-capricious standard. *Lennon v. Metropolitan Life Ins. Co.*, 504 F.3d 617, 621 (6th Cir. 2007) (citation omitted). Pemberton admits that he retired early because he could no longer perform his job duties and he needed to replace his income. Pemberton's disability triggered his early retirement. Reliance Standard,

2

therefore, was reasonable in concluding that the policy language "resulting from the same Total Disability" applied to Pemberton. A reasonable interpretation of the policy language satisfies the arbitrary-and-capricious standard. *Kovach v. Zurich American Ins. Co.*, 587 F.3d 323, 328 (6th Cir. 2009) (citation omitted).

Pemberton argues that his benefits did not result from his total disability, but from his retirement. He reasons that his retirement benefits accrued based on his years of services with his employer, while his long-term disability benefits accrued because he became totally disabled. Pemberton's interpretation only begs the question of why he retired early: because he became disabled.

Case law confirms that view. In *Riley v. Sun Life & Health Ins. Co.*, the court affirmed the plan administrator's applying an offset to account for the claimant's Veterans Administration benefits. No. 8:09-cv-303, 2010 U.S. Dist. LEXIS 61881, at *16 (D. Neb. June 18, 2010). The claimant, a military veteran, was working in the private sector when he became disabled. The claimant obtained the VA benefits to replace his private-sector salary, not to compensate for a disability that arose from his military service. *Id.*, at *15-16. The court concluded that the offset was reasonable because the VA benefits compensated for the same risk of loss that the claimant's long-term disability policy covered. *Id.* Pemberton's early retirement benefits, likewise, compensate for the income he lost when he became disabled.

Another court addressed the effect of the Reliance Standard provision at

issue here in *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179 (10th Cir. 2000). The court held that health insurance premiums, retirement contributions, and extra income that the claimant's employer paid did not result from the claimant's disability. *Id.* at 1186. The outcome was different in that case because the employer had paid those benefits as part of the claimant's compensation before the claimant became disabled. *Id*. The claimant did not obtain the benefits to replace his income stream; they were the income stream. *See id.* Pemberton, by contrast, obtained his early retirement benefits to replace his income stream.

Pemberton further argues that Reliance Standard's decision was unreasonable because he did not "elect" his early retirement benefits within the meaning of the policy. The policy provides that "Disability and early Retirement Benefits will be offset only if such benefits are *elected* by the Insured . . . ." R. 65 at 199 (emphasis added). The policy does not define the term "elect." *Id.*

Pemberton claims that he did not elect early retirement benefits because Reliance Standard left him with no choice but to retire early and collect the benefits after the Plan wrongfully denied his claim. Reliance Standard interprets the term "elect" to mean "choose." The Plan argues that Pemberton chose to pursue early retirement benefits on his own initiative.

Reliance Standard's interpretation is reasonable. The word "elect" is synonymous with "choose." *See Webster's II New Riverside Univ. Dictionary* 421 (1984). Pemberton had a choice when Reliance Standard denied his benefits:

4

exploit other sources of income or go without any income. Pemberton chose to exploit another source of income when he elected early retirement benefits. Pemberton, to be sure, faced an unfortunate circumstance when he made that choice. But Reliance Standard did not compel Pemberton to make that choice; he made that choice voluntarily.

Pemberton also urges the court to reverse Reliance Standard's decision because Reliance Standard has a conflict of interest. The court did cite the conflict of interest as a basis for remanding the case. The conflict of interest, however, does not change the result of these cross-motions for summary judgment because Reliance Standard's decision is reasonable. Although a court must consider a conflict of interest, a court need not reverse a plan administrator when the plan administrator's decision is otherwise reasonable. *See Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 985 (6th Cir. 1991).

Finally, the court need not address Pemberton's *contra proferentum* argument because the policy language at issue is unambiguous. *Marquette General Hosp. v. Goodman Forest Indus.*, 315 F.3d 629, 632-33 (6th Cir. 2003).

## III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Reliance Standard's motion for summary judgment (R. 61) is **GRANTED** and Pemberton's motion for summary judgment (R. 59) is **DENIED**.

A separate judgment will issue.

5

Signed on  March 10, 2011  

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY