# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

CIVIL ACTION NO. 08-86-JBC

RONALD PEMBERTON,                                                      PLAINTIFF,

V.                **MEMORANDUM OPINION AND ORDER**

RELIANCE STANDARD LIFE
INSURANCE COMPANY,                                          DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on plaintiff Ronald Pemberton's renewed motion for an award of attorney's fees and costs (R. 54). The court will grant the motion because Pemberton has achieved at least some success on the merits and his requested fees and costs are reasonable.

**I. BACKGROUND**

Pemberton filed this action after defendant Reliance Standard Life Insurance Company rejected his claim for long-term disability benefits. On January 5, 2010, the court denied the parties' cross-motions for summary judgment and remanded the case to Reliance Standard for reconsideration of Pemberton's claim. The court identified a number of issues on which Reliance Standard acted arbitrarily and capriciously, including its failing to adequately consider Pemberton's award of Social Security disability benefits and its using an employability analysis based on an incomplete medical review. The court gave weight to Reliance Standard's conflict of interest as the payer and administrator of claims.

On February 4, 2010, Pemberton moved for an award of attorney's fees and costs. The court denied Pemberton's motion without prejudice and allowed him to renew his motion after the U.S. Supreme Court issued its decision in *Hardt v. Reliance Standard Life Ins. Co.*, 130 S. Ct. 2149 (2010).

On February 18, 2010, Reliance Standard notified Pemberton that it had reconsidered his claim and had decided to reinstate his benefits. R. 54 Ex. 1. Reliance Standard, however, applied an offset to account for early retirement benefits that Pemberton received from his employer. Pemberton's gross benefits were $92,191.68, but Reliance Standard paid only $27,721.01 after applying the offset.

The Supreme Court issued its decision in *Hardt* on May 24, 2010. Pemberton renewed his motion for attorney's fees and costs on July 9, 2010, and sought $24,090 in attorney's fees and $2,345.32 in costs. Pemberton also sought reversal of Reliance Standard's decision to offset his early retirement benefits in a motion for summary judgment filed on September 15, 2010. The court affirmed Reliance Standard's application of the offset.

In sum, Pemberton succeeded in obtaining a remand, which ultimately led to Reliance Standard's changing its position and awarding Pemberton benefits less the offset.

## II. DISCUSSION

The court will grant Pemberton's petition because Pemberton is eligible to

recover attorney's fees and his request for $24,090 in attorney's fees and $2,345.32 in costs is reasonable.

   A. Eligibility to recover attorney's fees

A district court in its discretion may allow a reasonable attorney's fee and costs to either party. 29 U.S.C. § 1132(g)(1). Unlike other fee-shifting statutes, the ERISA provision that governs this case does not require that a party claiming fees be a "prevailing party." *Id.*; *Hardt*, 130 S. Ct. at 2156. A court need only determine whether a party claiming an award demonstrates "some degree of success on the merits." *Hardt*, 130 S. Ct. at 2158 (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)).

Pemberton achieved at least some degree of success on the merits. Pemberton faced a complete denial of benefits at the beginning of this case; he persuaded the court to remand the case and to compel Reliance Standard to reconsider the denial of benefits. The court remanded the case because it agreed with Pemberton that Reliance Standard acted arbitrarily and capriciously in its decision-making process. The court shared Pemberton's concern about Reliance Standard's conflict of interest. Reliance Standard considered the court's concerns, reversed its decision, and awarded benefits to Pemberton. The court's remanding of the case resulted in a substantive gain for Pemberton.

Reliance Standard did deduct a substantial amount of money after it applied the early-retirement offset. But Pemberton did not have to prevail on the merits; he

needed only to achieve some success on the merits. The court can fairly characterize Reliance Standard's reinstating Pemberton's benefits as some success on the merits. *Hardt*, 130 S. Ct. at 2158-59.

Reliance Standard argues that the remand order alone does not constitute success on the merits because the order is a procedural ruling and does not alter the parties' positions. The court, however, is awarding fees because Pemberton realized a gain as a result of the remand, not because of the mere fact that Pemberton obtained a remand. The question of whether a remand order, without more, constitutes some success on the merits is not before the court here, nor was it before the Supreme Court in *Hardt*. 130 S. Ct. at 2159.

B. <u>Reasonableness of the fees and costs</u>

Pemberton's proposed fees and costs are reasonable. Calculation of a reasonable fee begins with the "lodestar" figure, which the court calculates by multiplying the hours reasonably expended on the litigation by reasonable hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Wayne v. Village of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994). Pemberton requests a total fee award of $24,090, which represents a total of 123.2 hours expended by attorneys M. Austin Mehr, at $250 per hour; and Timothy Geertz and Philip Fairbanks, both at $150 per hour.

Reliance Standard contends that the proposed fees and costs are unreasonable because they include time and costs expended on advancing failed

4

arguments. Pemberton originally filed suit in state court without asserting ERISA. Reliance Standard removed the action to this court and filed a motion to dismiss based on ERISA preemption. Pemberton filed a motion to remand to state court. The court resolved the motions by dismissing Pemberton's state-law claims but retaining jurisdiction and allowing Pemberton to proceed on alternative ERISA claims. R. 28 at 23. Reliance Standard urges the court to refrain from awarding fees and costs related to Pemberton's failed attempt to avoid ERISA's application.

The court declines to take such a surgical approach. The court must evaluate the reasonableness of the proposed award in light of the overall relief that Pemberton obtained. *Hensley*, 461 U.S. at 434, 438. Pemberton obtained the result that he sought at the commencement of this action: the long-term disability benefits that Reliance Standard denied. The question of ERISA's application was a core aspect of the litigation and could not be treated as a discrete claim. *Wayne*, 36 F.3d at 532. This court, moreover, recognized in its prior opinion that the issue required a fact-intensive inquiry, limited discovery, and full development of arguments. R. 28 at 23. Pemberton's failure to succeed on that particular theory does not detract from the overall result that he obtained.

Reliance Standard's only other point of dispute is that Pemberton's attorneys' time entries are vague. The court has reviewed those time entries and believes that Pemberton's attorneys provided sufficient specificity. The time entries need not detail each minute an attorney spent on a task.

5

*Imwalle v. Reliance Medical Products, Inc.*, 515 F.3d 531, 553 (6th Cir. 2008). They do, however, need to provide a high degree of certainty that the time was actually and reasonably expended in the prosecution of the litigation. *Id.* Pemberton's counsel's time entries satisfy that level of specificity. The court understands why the attorneys performed particular tasks and why they spent particular amounts of time to complete them. The requested fees and costs are reasonable.

    C. <u>Application of the *King* five-factor test</u>

The parties debate the application of the five-factor test that the Sixth Circuit required before *Hardt*. The factors in that test are as follows:

> (1) The degree of the opposing party's culpability or bad faith;
>
> (2) The opposing party's ability to satisfy an award of attorney's fees;
>
> (3) The deterrent effect of an award on other persons under similar circumstances;
>
> (4) Whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and
>
> (5) The relative merits of the parties' positions.

*Dep't of Labor v. King*, 775 F.2d 666, 669-70 (6th Cir. 1985) (citations omitted).

It is now uncertain how these five factors apply to the evaluation of fee petitions or whether the factors apply at all. Before *Hardt*, the Sixth Circuit

required district courts to consider them in deciding whether to award attorney's fees. *See, e.g., Shelby County Health Care Corp. v. Southern Council of Indus. Workers Health and Welfare Trust*, 203 F.3d 926, 936 (6th Cir. 2000). The Supreme Court held that application of the factors is not mandatory. *Hardt*, 130 S. Ct. at 2158. The Supreme Court, in fact, observed that the five factors "bear no obvious relation to § 1132(g)(1)'s text or to our fee-shifting jurisprudence . . . ." *Id.*

This court need not apply the *King* factors in this case because they would have no effect on the analysis. *Hardt* teaches that Pemberton is eligible for fees because he achieved some degree of success on the merits. Other Supreme Court and Sixth Circuit cases confirm that Pemberton's requested fees and costs are reasonable. The *King* factors add nothing to the analysis of eligibility or reasonableness.

The Supreme Court did not foreclose the possibility of a court's considering the *King* factors. *Hardt*, 130 S. Ct. at 2158 n.8. This court, therefore, concludes only that the *King* factors are inapplicable in this particular case.

## III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Pemberton's motion for an award of attorney's fees and costs is **GRANTED**.

**IT IS FURTHER ORDERED** that Reliance Standard shall pay Pemberton $24,090 in attorney's fees and $2,345.32 in costs.

A separate judgment will issue.

Signed on  March 10, 2011

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY